# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MASON WOLLERSHEIM, | Case No.: 2:24-cv-01004-APG-EJY |
| Plaintiff | **Order** |
| v. | |
| RICHARD GARCIA, et al., | |
| Defendants | |

Plaintiff Mason Wollersheim brought this suit against defendants Richard Garcia, Justin Morse, and Matthew Mesko, and he seeks emergency injunctive relief. ECF Nos. 1; 4; 10. Because it did not appear from the amended complaint's allegations that I have personal jurisdiction over any of the defendants and venue was debatable, I ordered Wollersheim to show cause why this case should not be dismissed or transferred to Colorado. ECF No. 11. I also directed Wollersheim to file proof of service on the defendants. *Id.*

In response, Wollersheim argues that venue is proper under 28 U.S.C. § 1391(e)(1)(C), which provides that in a case where the defendant is a United States officer or employee, venue is proper "in any judicial district in which . . . the plaintiff resides if no real property is involved in the action." For venue purposes, residency for an individual means "the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c)(1). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Wollersheim presents evidence that although he currently works and lives in Colorado, his domicile is Nevada. *See* ECF No. 12 at 10-17. He therefore has adequately shown venue is proper in this court.

As for personal jurisdiction, Wollersheim states that he executed a contract with the United States Army in North Las Vegas, and the defendants are violating that contract. He also argues that the defendants can waive the personal jurisdiction defense.

Wollersheim is correct that a defendant may waive a lack of personal jurisdiction. *See Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1406 (9th Cir. 1994). However, the defendants have not done so yet in this case, and I raised the issue because if I lack personal jurisdiction over the defendants, then Wollersheim is not likely to succeed on the merits in this court, which impacts his motion for injunctive relief. ECF No. 11 at 1-2. I will hold this issue in abeyance until the defendants appear and can raise or waive the defense.

As for service, Wollersheim states in his amended complaint that he is suing the defendants in their individual capacities for actions taken in connection with their official duties for the United States. ECF No. 4. However, Wollersheim has not shown that he has fully complied with service on an officer or employee of the United States under Federal Rule of Civil Procedure 4(i)(3). Under that Rule,

> [t]o serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Wollersheim has presented evidence that he served each of the defendants personally under Rule 4(e)(2)(A). ECF No. 13. However, Wollersheim has not filed proof of service on the United States. I direct Wollersheim's attention to Rule 4(i) on how to accomplish service on the United States.

I THEREFORE ORDER that the order to show cause (ECF No. 11) is satisfied as to venue. However, I do not address personal jurisdiction at this time, and I advise Wollersheim to complete service on the defendants by serving the United States.

DATED this 17th day of July, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE